IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STACY J. BILLOS,                )
                                )
        Plaintiff,               )
                                )
    v.                           )      1:11CV905
                                )
EVONIK STOCKHAUSEN, LLC,         )
EVONIK STOCKHAUSEN, INC.,        )
DR. REINHOLD BRAND, and          )
BARRY DUBOIS,                    )
                                )
        Defendants.              )

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Stacy J. Billos filed an amended complaint (Amended Complaint ("Am. Compl.") (Doc. 5)) alleging four causes of action as to Defendants Evonik Stockhausen, LLC, and Evonik Stockhausen, Inc. Those causes of action include: 1) violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("First Count"), 2) wrongful termination of employment in violation of the public policy of the State of North Carolina ("Second Count"), 3) wrongful interference with a prospective employment contract ("Third Count"), and 4) wrongful interference with a contract ("Fourth Count"). The Third and Fourth Counts are brought pursuant to state law.

Defendants have moved to dismiss the Third and Fourth Counts. (See Defs.' Partial Mot. Dismiss Compl. (Doc. 6).) Plaintiff has responded to the motion (Doc. 11) and Defendants have filed a reply (Doc. 12). The motion is now ripe for ruling. For the reasons set forth herein, the motion will be granted.

**Facts**

Plaintiff is a resident of Greensboro, North Carolina. (Am. Compl. (Doc. 5) ¶ 5.) According to Plaintiff, both Defendant Evonik Stockhausen, LLC, and Defendant Evonik Stockhausen, Inc., are licensed in North Carolina and doing business in Greensboro, North Carolina. (Id. ¶¶ 6-7.)

Particularly significant to this court's analysis of Defendants' motion to dismiss the Third and Fourth Counts is Plaintiff's identification of the entity to which he applied for a position and the entities that allegedly interfered with his contract or prospective contract of employment. Because of some confusion in the facts described in the parties' briefs, this court will quote relevant portions of the amended complaint. The facts set forth in the amended complaint that are relevant to the pending motion include the following.

"Plaintiff was hired by Defendant Evonik[1] in 1999 and remained employed with the Defendant through 2008." (Id. ¶ 10.) "From 1999 through April, 2008, Plaintiff reported to Bernfried Messner at the Defendant Evonik's Greensboro location and also reported directly to the Defendant Evonik's headquarters in Germany." (Id. ¶ 17.) "In or around April, 2008, Defendant Evonik hired a new management team that was based in Hopewell, Virginia, that included Dr. Reinhold Brand ('Dr. Brand') and Barry DuBois ('Mr. DuBois'), among others." (Id. ¶ 18.)

"On or around November 7, 2008, Plaintiff interviewed with Patricia Lauver ('Ms. Lauver') and Peter Marks ('Mr. Marks') for a position in the Defendant Evonik's IT Department, which was to be located in Hopewell, Virginia." (Id. ¶ 21.) "After the interview on November 7, Ms. Lauver told the Plaintiff that he 'had the job once all of the paperwork came through.'" (Id. ¶ 22.) "On November 20, 2008, Dr. Brand and Mr. DuBois called Plaintiff in for a meeting where Plaintiff was informed he was being terminated from his position." (Id. ¶ 23.) "Plaintiff then informed Dr. Brand and Mr. DuBois that he had interviewed for a job with Defendant Evonik's IT Department and told them the details of this new job." (Id. ¶ 26.)

---

[1] Plaintiff identifies "Evonik" as used in the amended complaint to refer to Defendant Evonik Stockhausen, Inc. (See Am. Compl. (Doc. 5) ¶ 7.)

"Upon information and belief, the Defendant Evonik, through Dr. Brand and Mr. DuBois, and Dr. Brand and Mr. DuBois individually, were aware that the Plaintiff had applied for a job with the IT Department." (Id. ¶ 34.) "On or around December 18, 2008, Plaintiff learned from Ms. Lauver that he would not have the job in the IT Department and when Plaintiff asked Ms. Lauver why he would not get the job, she replied that, 'I can't tell you more.'" (Id. ¶ 35.) "Plaintiff was not hired for the job with the IT Department and suffered damages as a result of not being hired for the position." (Id. ¶ 36.)

Plaintiff alleges that "but for the conduct of Dr. Brand, Mr. DuBois and other individuals, Plaintiff would have entered into a valid employment contract with the IT Department. The Plaintiff is informed and believes that the Defendants maliciously colluded with one another and others and induced the third party not to enter into the prospective contract with the Plaintiff." (Id. ¶¶ 62-63.)

**Analysis**

In support of their motion to dismiss, Defendants argue that Evonik Stockhausen, LLC, and Evonik Stockhausen, Inc., are "indisputably [parties] to the alleged contract or expectancy upon which Mr. Billos' wrongful interference claims are based, and it is well settled that a party cannot wrongfully interfere with its own contract as a matter of law." (Defs.' Mem. of Law

in Supp. of Defs.' Partial Mot. Dismiss the Am. Compl. ("Defs.' Mem.") (Doc. 7) at 1-2.)  This court agrees.

As an initial matter, this court notes that both parties have been confusing in their references to the distinct business entities described in the amended complaint.  The amended complaint identifies two different defendants, Evonik Stockhausen, LLC, and Evonik Stockhausen, Inc. (Am. Compl. (Doc. 5) ¶¶ 6-7.)  Plaintiff asserts specific facts as to Evonik Stockhausen, Inc., specifically identifying it as his employer.  Plaintiff does not allege, with any clarity, any action by Evonik Stockhausen, LLC, nor does the amended complaint allege any relationship between the two defendant entities other than the similarity between their names.  Defendants, on the other hand, treat Evonik Stockhausen, Inc., and Evonik Stockhausen, LLC, collectively as one entity in their brief.  (Defs.' Mem. (Doc. 7) at 1) ("Defendants, Evonik Stockhausen, LLC; [sic] Evonik Stockhausen, Inc. (collectively, 'Evonik' or the 'Company'). . . . Evonik is indisputably a party to the alleged contract . . . .").

For purposes of this motion to dismiss, the pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and <u>allegations made therein are taken as true</u>.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  Plaintiff has alleged there to be two separate

-5-

defendants – Evonik Stockhausen, LLC, and Evonik Stockhausen, Inc. (Am. Compl. (Doc. 5) ¶¶ 6-7.)  Because Plaintiff has identified the two businesses as separate entities, this court is required to accept those allegations as true and will therefore analyze the amended complaint and Defendants' motion to dismiss in light of this construction.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In Iqbal, the Supreme Court emphasized that courts considering a motion to dismiss should use a "two-pronged approach."  Iqbal, 556 U.S. at 679.  First, a court must accept as true all factual allegations contained in a complaint.  Id. at 678.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Courts may therefore "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.

Once a court assumes the veracity of well-pleaded factual allegations, it should "then determine whether they plausibly give rise to an entitlement to relief."  Id.  In order for a claim to be facially plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference

-6-

that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). Whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Id. (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff's Third Count alleges wrongful interference with a prospective employment contract and, relatedly, his Fourth Count alleges wrongful interference with an employment contract. Both claims are asserted under North Carolina law, pursuant to which a plaintiff claiming either wrongful interference with a contract or a prospective contract must prove that the defendant intentionally induced a third party's nonperformance of the contract or induced a third party not to enter into the contract. See, e.g., Embree Constr. Grp., Inc. v. Rafcor, Inc., 330 N.C. 487, 498, 411 S.E.2d 916, 924 (1992), and Spartan Equip. Co. v. Air Placement Equip. Co., 263 N.C. 549, 559, 140 S.E.2d 3 (1965). "A party to a contract, whether of employment or otherwise, has a right of action against a person who has procured a breach of such contract by the other party thereto otherwise than in the

-7-

legitimate exercise of his own rights, and without justification." Johnson v. Graye, 251 N.C. 448, 451, 111 S.E.2d 595 (1959). As a result,

> Both North Carolina and federal courts interpreting North Carolina law have consistently held that a party to a contract cannot tortiously interfere with its own contract. Waters v. Collins & Aikman Prods. Co., 208 F. Supp. 2d 593, 595-96 (W.D.N.C. 2002). See also McLaughlin v. Barclays American Corp., 382 S.E.2d 836, 841, cert. denied, 385 S.E.2d 498 (1989); Wagoner v. Elkin City Schools' Bd. of Ed., 440 S.E.2d 119, 124 (N.C. App. 1994).

Emory Utils., Inc. v. Time Warner Cable, Inc., No. 7:09-CV-169-BO, 2010 WL 2402888, at *3 (E.D.N.C. June 11, 2010).

In light of the foregoing authorities, this court finds that the Third and Fourth Counts of Plaintiff's amended complaint fail to allege a claim for relief with respect to Defendant Evonik Stockhausen, Inc. Plaintiff alleges that he was employed by Evonik Stockhausen, Inc., and that he applied to a different department or division within that same entity, that is, Defendant Evonik Stockhausen, Inc. Because "a party to a contract cannot tortiously interfere with its own contract," the amended complaint fails to state a claim in the Third and Fourth Counts as to Defendant Evonik Stockhausen, Inc. See id., at *3.

This court also finds that the Third and Fourth Counts of Plaintiff's amended complaint fail to allege a claim for relief with regard to Evonik Stockhausen, LLC. The amended complaint makes no allegations of any facts regarding Evonik Stockhausen,

-8-

LLC.  The only allegation that could possibly be construed as relating to Evonik Stockhausen, LLC, is Plaintiff's claim that he is "informed and believes that the Defendants maliciously colluded with one another and others and induced the third party not to enter into the prospective contract with the Plaintiff." (Am. Compl. (Doc. 5) ¶ 63.)  That conclusory statement, however, is completely unsupported by any factual allegation that Evonik Stockhausen, LLC, knew of Plaintiff's potential employment contract or took any action whatsoever in relation to that contract.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  In order for a claim to be facially plausible, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  Id. Plaintiff has not pled any facts to support a claim of wrongful interference with a contract or prospective contract as to Evonik Stockhausen, LLC.  This court therefore finds that the Third and Fourth Counts are subject to dismissal as to Evonik Stockhausen, LLC.

Plaintiff, in responding to Defendants' motion, argues that "Evonik Stockhausen, Inc., and Evonik Stockhausen, LLC, are only

-9-

one of many separate entities that share the 'Evonik' name. Plaintiff worked for Evonik Stockhausen, Inc., in Greensboro, North Carolina. As alleged in Plaintiff's Complaint, Plaintiff interviewed for a job with Evonik in Hopewell, Virginia." (Pl.'s Br. in Opp'n to Defs.' Partial Mot. Dismiss ("Pl.'s Br.") (Doc. 11) at 3-4.) Plaintiff further argues that, as stated in his affidavit, he believed that the entity to which he applied for a job was a "different Evonik company in Hopewell, Virginia." (Id. at 4.) While perhaps true, that is not what Plaintiff alleged in either his original or his amended complaint. In both of these documents, Plaintiff alleged that he applied for a job with a separate "department" or "division" of Evonik Stockhausen, Inc. Plaintiff's argument that he applied for a job with a "different Evonik" entity, even considering the public records attached to the motion, is simply not persuasive or supported by this record.[2] "[T]he requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings

---

[2] Plaintiff argues, in his brief, that "[a]ny potential confusion over the different Evonik entities and which entity is alleged to have interfered with another entity can be easily cured by the Plaintiff through amending the Complaint." (Pl.'s Br. (Doc. 11) at 4 n.3.) At present, this court finds the amended complaint to clearly allege Plaintiff's claims. Any confusion arises from Plaintiff's new allegations as set forth in his brief. In any event, no motion to amend the amended complaint is pending, and this court does not find the footnote in Plaintiff's brief to be a properly-filed request to amend the complaint.

-10-

Case 1:11-cv-00905-WO-JEP   Document 14   Filed 09/04/12   Page 10 of 13

to allege any facts [that] set forth a claim." Estate of
Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335
F. Supp. 2d 636, 646 (M.D.N.C. 2004).

Plaintiff further argues, as set forth in his affidavit,
that "he believed he was applying for a job with a different
Evonik company in Hopewell, Virginia." (Pl.'s Br. (Doc. 11) at
4.) Even if this court were inclined to accept Plaintiff's
affidavit at this juncture, this court does not find the
affidavit persuasive. Plaintiff's affidavit is at least
partially inconsistent with the allegations contained in the
original verified complaint and the amended complaint.
Furthermore, the affidavit does not change the fact that
Plaintiff alleges that his employment opportunity, if any, was
with "Evonik," whom he identifies as Evonik Stockhausen, Inc.
(See Pl.'s Br., Aff. of Stacy Billos ("Billos Aff.") (Doc.
11-4).)

In his original complaint, Plaintiff alleged and verified
that "[i]n or around April, 2008, Defendant Evonik hired a new
management team that was based in Hopewell, Virginia, that
included Defendants Dr. Reinhold Brand ('Dr. Brand') and Barry
DuBois ('Mr. DuBois') among others." (Complaint ("Compl.") (Doc.
1) ¶ 20.) "On or around November 7, 2008, Plaintiff interviewed
with Patricia Lauver ('Ms. Lauver') and Peter Marks ('Mr. Marks')
for a position in the Defendant Evonik's IT Department, which was

-11-

to be located in Hopewell, Virginia." (Id. ¶ 23.) The amended complaint, although not verified, contains the same allegations. (See Am. Compl. (Doc. 5) ¶¶ 18, 21.) In Plaintiff's affidavit, attached to his responsive brief, he alleges, at least somewhat inconsistently with his amended complaint, that "[o]n or about April, 2008, I applied for a job with Evonik in Hopewell, Virginia. . . . Upon information and belief, I believe I was applying for an IT job with Evonik Degussa Corporation when I applied for a job in April, 2008." (Billos Aff. (Doc. 11-4) ¶¶ 3, 5.) In light of the allegations contained in the original verified complaint and the amended complaint, it is not clear from Plaintiff's affidavit what job he applied for or what entity he applied to in April 2008.

Most significantly, regardless of where Plaintiff may have applied in April 2008, his allegations in his amended complaint clearly state that he interviewed with the IT department or division of Evonik in November 2008. According to the amended complaint, this position in Evonik's IT department appears to have been the only potential employment opportunity of which Plaintiff alleges he was wrongfully deprived. Any inferences drawn from an amended complaint must be reasonable (see E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)), and this court declines to apply any inferences from Plaintiff's affidavit that are contradicted by the clear

-12-

language of his amended complaint. This court therefore finds that Plaintiff's affidavit, addressing only Plaintiff's belief as to a non-party entity to whom Plaintiff may have applied in April 2008, is irrelevant to the issues presently pending.

**Conclusion**

For the reasons set forth herein, this court finds that Defendants' Partial Motion to Dismiss the Complaint (Doc. 6) should be granted and the Third Count and Fourth Count of Plaintiff's amended complaint should be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss the Complaint (Doc. 6) is **GRANTED** and the Third Count and Fourth Count of Plaintiff's amended complaint (Doc. 5) are **DISMISSED.**

This the 4th day of September, 2012.

/s/ William L. Osteen, Jr.
United States District Judge